Horace F. STEPHENS, Plaintiff,

v.

Admiral Willard J. SMITH, Commandant,
U. S. Coast Guard, et al., Defendants.

Civ. A. No. 6317.

United States District Court
E. D. Virginia,
Norfolk Division.

July 11, 1968.

Melvin J. Radin, Norfolk, Va., for plaintiff.

James A. Oast, Jr., Asst. U. S. Atty., Norfolk, Va., for defendants.

## MEMORANDUM ORDER

KELLAM, District Judge.

Plaintiff, a member of the United States Coast Guard, seeks to have this Court (1) enjoin the Commandant of the United States Coast Guard from proceeding contrary to the provisions of Personnel Manual, CG–207, of the United States Coast Guard (Personnel Manual) concerning disability retirement, (2) to declare the plaintiff "fit for duty," (3) to enjoin the Commandant from continuing with any physical examinations of plaintiff now pending and from instituting further proceedings concerning the physical status of plaintiff, and (4) for general relief. Plaintiff alleges that pursuant to the provisions of the Personnel Manual he has been found "fit for duty" and that such finding is not now subject to review by the Commandant or any other person or agency, and that he cannot now be again subjected to such physical examinations, without cause.

Certified copies of the provisions of the United States Coast Guard Personnel Manual, CG–207, governing this matter, together with the file of the proceedings in plaintiff's case, have been filed by the defendants with their answers to interrogatories. Defendants now move for summary judgment on the grounds that the matters set forth in the pleadings are (1) not judicially reviewable and are committed to the discretion of defend-

ants, and (2) plaintiff has not exhausted his administrative remedies, and no justiciable case or controversy is presented.

Physical examination of plaintiff was ordered in accordance with the provisions of the Personnel Manual, CG–207. On April 4, 1966, a Board of Medical Survey found plaintiff fit for duty. Commandant thereafter directed that a Physical Evaluation Board be convened. On June 6, 1966, the Physical Evaluation Board found plaintiff "fit for duty." Plaintiff was informed of this finding and accepted the finding. A majority of the Physical Review Council on August 16, 1966, found plaintiff "fit for duty." Chief Counsel of the United States Coast Guard on August 26, 1966, requested the Physical Review Council to reconsider its action. In this request the Chief Counsel made reference to the "two sharply different medical evaluations" and recited that "support for either can be found in the record." On September 7, 1966, the President of the Physical Review Council responded that the majority considered plaintiff "fit for duty" and such majority was opposed to a finding of unfitness and a waiver.

On October 17, 1966, the Commandant notified plaintiff through the Commander, Fifth Coast Guard District, that plaintiff had "been found fit for full duty and will be retained on active duty. No further action will be taken regarding the Board of Medical Survey."

By letter of October 12, 1966, the Chief Counsel referred the matter to the Commandant, asserting that he did "not consider that a preponderance of the evidence supports a finding of fitness for duty. Accordingly, the matter is referred to the Commandant for resolution." On October 27, 1966, Chief, Medical Division, advised the Chief, Office of Personnel, that plaintiff "should be retired for physical disability." On November 7, 1966, the Commandant concurred in this finding. On December 1, 1966, the Commandant notified plaintiff that the Commandant "has concluded, subject to your right of rebuttal, that you are unfit

for duty" and that "a combined temporary disability rating of 70% has been recommended." Rebuttal was not filed. On January 12, 1967, the Commandant directed that plaintiff "be afforded a formal hearing before a Physical Evaluation Board" and directed that a new Board of Medical Survey be convened. Plaintiff filed objection to this action. On February 10, 1967, Commandant advised plaintiff's counsel it was the Commandant's intention to proceed as indicated in the letter of January 12, 1967, referred to above, and that the provisions of the Personnel Manual were "being rewritten to reflect the Commandant's" action in this regard. By notice of March 24, 1967, plaintiff was directed to report on April 10, 1967, for Board of Medical Review. Pursuant to examination in April, 1967, plaintiff was found "fit for duty" and it was recommended he be "retained on active duty." A Physical Evaluation Board was ordered to convene on July 28, 1967. Objection was raised by plaintiff's counsel to this action inasmuch as the provisions of the Coast Guard Manual had "not been followed. Plaintiff was preparing action in the United States District Court, and the Physical Evaluation Board scheduled for July 28, 1967, was on July 28, 1967, cancelled.

Coast Guard Manual, Chapter 17, paragraph D–3(b) (3), entitled, "Action by Physical Review Council" is controlling in this case. It provides that "based upon the majority findings" the Council "shall take final action without reference to the Commandant in cases when it concurs in the recommended findings of the Physical Evaluation Board that the evaluee—be found fit for duty."

█ It is apparent from the record filed in this case in response to interrogatories, that the defendants have not followed the provisions of the Coast Guard Manual. But, defendants say the matter is not subject to judicial review, and plaintiff has not exhausted his administrative remedies. As to the issue of whether plaintiff has exhausted his administrative remedies, the Court's atten-

tion has not been directed to the nature of such remedies, and what has been done about them.

As to the second issue, it appears from the provisions of U.S.C.A. Title 5 § 702, entitled "Right of Review"—

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

Section 701 of the same Title provides that the chapter—"Judicial Review"—applies except to (1) statutes precluding judicial review and (2) agency action committed to agency discretion by law. It exempts courts martial and military commissions, and military authority exercised in the field in time of war or in occupied territory, and a few other instances not related in any way to the issue here.

■■ Not only does the Administrative Procedure Act (Title 5 § 701 et seq. U.S.C.A.) make reviewable agency action made reviewable by statute, but also review of "final agency action for which there is no other adequate remedy in a court." In Abbott Laboratories v. Gardner, 387 U.S. 136, at 141, 87 S.Ct. 1507, 18 L.Ed.2d 681, the Court said the Administrative Procedure Act's generous review provisions must be given a "hospitable" interpretation. In that case, the Court recited that it held in Rusk v. Cort, 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed. 2d 809, that only upon a showing of "clear and convincing evidence" of a contrary legislative intent should the courts restrict access to judicial review. The Court pointed out in the *Abbott* case that the legislative history shows an intent on the part of Congress to extend the review provisions of law. At page 142 of 387 U.S., at page 1512 of 87 S.Ct., the Court said:

* * * There is no evidence at all that members of Congress meant to preclude traditional avenues of judicial relief. Indeed, throughout the consideration of the various bills submitted to deal with this issue, it was recognized that "There is always an appropriate remedy in equity in cases where an administrative officer has exceeded his authority and there is no adequate remedy of law, * * * [and that] protection is given by the so-called Declaratory Judgments Act * * *." H.R.Rep. No. 2755, 74th Cong., 2d Sess., 8. It was specifically brought to the attention of Congress that such methods had in fact been used in the food and drug area, and the Department of Justice, in opposing the enactment of the special-review procedures of § 701, submitted a memorandum which was read on the floor of the House stating: "As a matter of fact, the entire subsection is really unnecessary, because even without any express provision in the bill for court review, any citizen aggrieved by any order of the Secretary, who contends that the order is invalid, may test the legality of the order by bringing an injunction suit against the Secretary, or the head of the Bureau, under the general equity powers of the court." 83 Cong.Rec. 7892 (1938).

*       *       *       *       *       *

Against this background we think it quite apparent that the special-review procedures provided in § 701(f), applying to regulations embodying technical factual determinations, were simply intended to assure adequate judicial review of such agency decisions, and that their enactment does not manifest a congressional purpose to eliminate judicial review of other kinds of agency action.

This conclusion is strongly buttressed by the fact that the Act itself, in § 701(f)(6), states, "The remedies provided for in this subsection shall be in addition to and not in substitution for any other remedies provided by law."

■ From what has been said, as the record now stands the question in issue is one which is judicially reviewable and not one committed to the discretion of

defendants. It appears at this point to be contrary to the rules and regulations promulgated by the agency. Nor can I say at this point the plaintiff has not exhausted his administrative remedies.

The motion for summary judgment is denied.